**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE PROTECT DEMOCRACY PROJECT, INC..
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

Negar Mortazavi
c/o Protect Democracy
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

Narges Bajoghli
c/o Protect Democracy
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

Mohammad Ali Shabani
c/o Protect Democracy
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

Esfandyar Batmanghelidj
c/o Protect Democracy
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

Trita Parsi
c/o Protect Democracy
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006,

    *Plaintiffs*,

  v.                           Civil Action No.  1:19-cv-2781

U.S. DEPARTMENT OF STATE
2201 C St., N.W.
Washington, DC 20520,

    *Defendant*.

## COMPLAINT

Plaintiffs The Protect Democracy Project, Inc., Negar Mortazavi, Narges Bajoghli, Mohammad Ali Shabani, Esfandyar Batmanghelidj, and Trita Parsi (hereinafter "Plaintiffs") bring this action against Defendant the Department of State to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff The Protect Democracy Project, Inc. is a 501(c)(3) nonprofit organization, incorporated under the laws of the District of Columbia, and located at 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006. Plaintiff's mission is to protect our democracy from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise ultimate sovereignty. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. Plaintiff intends to give the public access to documents transmitted via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

4. Plaintiff Negar Mortazavi is a journalist with *The Independent*, who currently resides in Washington, D.C. She was born and raised in Tehran, Iran, but is currently exiled from that country due to her journalistic activities.

5. Plaintiff Narges Bajoghli is an academic, author, and filmmaker who focuses her research and publications on Iran and the Middle East. She is currently an Assistant Professor at the Johns Hopkins University School of Advanced International Studies.

6. Plaintiff Mohammad Ali Shabani is a journalist, academic, and political consultant based in London, UK. He is currently a doctoral candidate at SOAS/University of London where he focuses his research on Iranian foreign policy.

7. Plaintiff Esfandyar Batmanghelidj is a researcher and publisher focused on the Iranian economy.

8. Plaintiff Trita Parsi is an academic, political commentator, and founder of the National Iranian American Council. He currently serves as the Vice President of the Quincy Institute for Responsible Statecraft, a Washington, D.C. based think-tank focused on the pursuit of diplomacy and international peace. He was born in Iran, but left with his family at a young age to escape political repression.

9. Defendant U.S. Department of State (DOS) is an agency of the executive branch of the federal government of the United States. Defendant DOS is headquartered at 2201 C Street, Washington, D.C. 20520. Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

## STATEMENT OF FACTS

*DOS Anti-Propoganda Efforts and the Iran Disinformation Project*

10. In April 2016 the Secretary of State created the Global Engagement Center

(GEC), which was later codified by Congress with the stated mission to "lead, synchronize, and coordinate efforts of the Federal Government to recognize, understand, expose, and counter foreign state and non-state propaganda and disinformation efforts aimed at undermining United States national security interests."[1] The GEC's anti-propaganda efforts rely on "a global network of partners" who are cultivated and trained to "drive a wedge between susceptible audiences and those nations, groups, and terrorists seeking to influence them." *Id.* In 2019 the GEC base budget was $53 million, with $9 million allocated specifically to countering threats from Iran. *Id.*

11. In late 2018 the GEC entered into a funding partnership with the Iran Disinformation Project, an initiative that operated mostly on Twitter via the handle @IranDisinfo. The Iran Disinformation Project's stated purpose was to "bring to light disinformation emanating from the Islamic Republic of Iran via official rhetoric, state propaganda outlets, social media manipulation and more" by "provid[ing] near real time counter narratives and truth telling through our social networks."[2]

12. On May 30, 2019, Plaintiff Negar Mortazavi, an Iranian-American journalist with The Independent, made a series of Twitter posts demonstrating that the Iran Disinformation Project was targeting U.S. citizens, including journalists, academics, researchers, and human rights workers, by claiming they were paid mouthpieces of the Iranian government.[3] Those targeted by the Iran Disinformation Project include Mortazavi herself, who is exiled from Iran due to her work; Plaintiff Narges Bajoghli; Tara Sepehri Far, a researcher for Human Rights Watch investigating the effects of sanctions on Iranian citizens; Jason Rezaian, an Iranian-

---

[1] Dept. of State, *About Us*, STATE.GOV, available at https://www.state.gov/about-us-global-engagement-center/ (last visited Aug. 20, 2019).
[2] Iran Disinformation Project, *About Us*, available at https://irandisinfo.org/about-us/ (last visited Aug. 20, 2019).
[3] Twitter thread available at twitter.com/NegarMortazavi/status/1134168278643949569?s=20.

American journalist with the Washington Post who served eighteen months in an Iranian jail as a political prisoner; and Ali Vaez, a journalist and Georgetown University professor who is one of the foremost experts on Iran's nuclear and missile programs.

13. Many of those targeted were frequent critics of the Iranian regime, but also expressed criticism towards aspects of the Trump administration's Iran policies, including withdrawal from the Joint Comprehensive Plan of Action (JCPOA), implementation of the "maximum pressure" sanctions strategy, and pursuant of military action against Iran. *See*, *e.g.*, *US yanks funds for anti-Iran Twitter feed after complaints*, ASSOCIATED PRESS (June 1, 2019).

14. On May 31, 2019 DOS suspended funding to the Iran Disinformation Project, confirming that DOS had "identified recent tweets that fall outside the scope of the project to counter foreign state propaganda or misinformation." *See, e.g.*, Marquardt, Alex, *State Department suspends funding of anti-Iran Group which targeted journalists and activists*, CNN (June 5, 2019).

15. On July 10, 2019, before a congressional panel, the head of the GEC stated that it had terminated the partnership with the Iran Disinformation Project because its actions "were outside the scope of the agreement" and "[i]t was never the intent of the [GEC] to have anyone tweeting at U.S. citizens." Lee, Matthew, *US terminates funds for anti-Iran Twitter feed*, ASSOCIATED PRESS (July 10, 2019).

16. Although DOS has terminated funding and the @IranDisInfo account has gone silent, there are many questions left unanswered about the nature of the partnership, the amount of tax dollars used to fund it, the level of oversight or involvement of any public officials, and the measures taken to prevent similar abuses in the future. These issues are of paramount public interest as U.S. government is implicated in a social media campaign to apply pressure to U.S.

5

citizens who are critical of the current administration's policies

*FOIA Requests to DOS and the Agency's Failure to Respond*

17. On July 2, 2019, Plaintiffs Protect Democracy and Narges Bajoghli, Mohammad Ali Shabani, Esfandyar Batmanghelidj, Trita Parsi sent a FOIA request ("Group Request") to Defendant DOS seeking:

1. All records, including but not limited to emails and memoranda, reflecting or related to communications between the State Department and the E-Collaborative for Civic Education (ECCE), Tavaana, and/or the Iran Disinformation Project (sometimes referred to as "Iran Disinfo").

2. All records, including but not limited to emails and memoranda, reflecting or related to the State Department's funding of ECCE, Tavaana, and/or Iran Disinfo, including but not limited to any discussion of funding, continuing or discontinuing to fund, suspending or revoking funding from, or reinstating funding to these organizations.

3. All records, including but not limited to emails and memoranda, mentioning or discussing any of the individual requestors or their Twitter handles, listed below, whether or not contained in a State Department Privacy Act system of records. (Please see below for notarized privacy waivers from each individual requestors).

   a. Narges Bajoghli, Twitter user @nargesbajoghli
   b. Mohammad Ali Shabani, Twitter user @mashabani
   c. Esfandyar Batmanghelidj, Twitter user @yarbatman
   d. Trita Parsi, Twitter user @tparsi

4. All records, including but not limited to emails and memoranda, mentioning or discussing any of the following individuals:

   a. Mariam Memarsadeghi
   b. Jason Rezaian
   c. Mohsen Milani
   d. Ali Vaez
   e. Tara Sepehri Far
   f. Jamal Abdi
   g. Saeed Ghaseminejad
   h. Amir Etemadi Bozorg
   i. Alireza Kiani
   j. Behzad Mehrani

5. All records, including but not limited to emails and memoranda, mentioning

6

or discussing any of the following social media accounts:

    a.    Twitter user @memarsadeghi
    b.    Twitter user @jrezaian
    c.    Twitter user @milanimohsen
    d.    Twitter user @AliVaez
    e.    Twitter user @sepehrifar
    f.    Twitter user @jabdi
    g.    Twitter user @IranDisinfo
    h.    Twitter user @Tavaana
    i.    Twitter user @tanasoli
    j.    Twitter user @FarsiMediaWatch
    k.    Twitter user @IranGateway
    l.    Twitter user @iranfarashgard
    m.    Twitter user @AlirezaNader
    n.    Twitter user @arash_sobhani
    o.    Twitter user @FDD_Iran
    p.    Twitter user @ajibzade
    q.    Twitter user @InsideIran_24

6.    All calendars, agendas, manifests, schedules, notes, lists of attendees, or other records reflecting or relating to meetings between the State Department and ECCE, Tavaana and/or Iran Disinfo.

7.    In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is January 20, 2017 through the date that searches are conducted for records responsive to this FOIA request.

See <u>Exhibit A</u> (Group Request).

18.    Plaintiffs Protect Democracy and Negar Mortazavi sent a separate FOIA request to DOS on July 2, 2019 ("Mortazavi Request," attached as <u>Exhibit B</u>), which was largely identical except that it was filed only on behalf of Protect Democracy and individual requester Negar Mortazavi, a journalist with The Independent. In addition to the records sought in items 1, 2, 4, 5,

6, and 7 above, the Mortazavi Request also sought requested all records mentioning or discussing her or her Twitter handle, @NegarMortazavi.

19. Plaintiffs also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibits A, B.

20. Plaintiffs requests were submitted to the DOS by fax on July 2, 2019.

21. Plaintiffs received two letters from Defendant DOS dated July 19, 2019. The DOS letters stated that Plaintiffs' FOIA requests had been received on July 2, 2019, assigned the requests tracking numbers, and granted Plaintiffs' petitions for fee waivers. *See* <u>Exhibit C, D</u>. The DOS letters denied the request for expedited processing, however. *Id.* Moreover, the DOS letters made no determination as to whether Defendant would comply with Plaintiffs' requests for records. *Id.*

22. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, no later than July 31, 2019 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiffs' appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

23. FOIA further provides that, in cases of "unusual circumstances" the twenty-day response deadline may be extended "by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). The statute further provides that in no case shall the notice "specify a date that would result in an extension for more than ten working days." Defendant could therefore extend its deadline to issue a determination on Plaintiff's request until August 14, 2019. *Id.*

8

24. In the DOS Letters, Defendant did assert it was experiencing "unusual circumstances" in fulfilling the request because the records sought "require the need to search in offices that are separate from the office processing your request." *See* Exhibit B. Defendant explained that "because of these unusual circumstance, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." The letter further noted that the time needed for a response would depend on a number of factors "including the number of locations that must be searched, the complexity of the search, the volume and complexity of any material located, . . . consultations with other U.S. Government agencies whose information is included in the material located" and the number of other requests ahead of it on the processing track.

25. To date, Defendant has failed to make the required determination and failed to notify Plaintiffs when they can expect a determination, in violation of the law.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

26. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

27. Defendant is in violation of FOIA by failing to respond to Plaintiffs' requests within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiffs' requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(1) Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiffs' requests;

(2) Order Defendant, by a date certain, to demonstrate that it has conducted adequate searches;

(3) Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiffs' requests, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendant from improperly withholding records responsive to Plaintiffs' requests;

(5) Grant Plaintiffs an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiffs such other relief as the Court deems appropriate.

Respectfully submitted,

Date:  September 17, 2019

*/s/ Michael P. Abate*

Michael P. Abate
  (DDC Bar No. MD28077)
  (DC Bar No. 1023343)
Andrea N. Aikin
  (KY Bar No. 96633)
Kaplan Johnson Abate & Bird, LLP
710 W. Main St., 4th Floor
Louisville, KY 40202

Benjamin L. Berwick (MA Bar No. 679207)
Anne Tindall (DC Bar No. 494607)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave., NW #163
Washington, DC 20006
Phone: 202-599-0466
Fax: 929-777-8428

*Counsel for Plaintiff*